2003 ND 72

**Blaine Douglas ELLIS, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20020289.

Supreme Court of North Dakota.

May 6, 2003.

Chad R. McCabe, Vinje Law Firm, Bismarck, N.D., for petitioner and appellant.

Birch Peterson Burdick, Fargo, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Blaine Douglas Ellis appealed from a judgment denying his petition for post-conviction relief from an attempted murder conviction. We hold this record does not establish a violation of Ellis' Sixth Amendment right to assistance of counsel. We affirm.

I

[¶ 2] In February 2000, a jury found Ellis guilty of attempted murder, and in March 2000, he was sentenced to twenty years in prison. On May 1, 2001, we affirmed Ellis' direct appeal of his conviction. *State v. Ellis*, 2001 ND 84, 625 N.W.2d 544.

[¶ 3] On July 18, 2000 and while Ellis' direct appeal was pending, law enforcement officers obtained a search warrant and searched the office of Rolf Rolshoven, a private investigator hired by Ellis and his attorneys. According to Rolshoven, during the course of his investigation of Ellis' case, he interviewed Sharon Foell and DeEtta Weber, and the Cass County Sheriff's Department questioned whether Rolshoven had represented himself as a law enforcement officer when talking to Foell and Weber. *See* N.D.C.C. § 12.1–13–04 (person is guilty of a class A misdemeanor if he falsely pretends to be a law enforcement officer). An exhibit attached to the search warrant described the property to be seized:

All records, to include any writings, typed or hand written, audio or video tapes or cassettes, hand written notes, typed notes, all billing documentation and/or invoices directed to Mr. Brian Nelson, Attorney at Law or Mr. Blaine Ellis concerning: all interviews or meetings between Mr. Ross Rolshoven, Legal Investigator and Ms. DeEtta Weber and/or Ms. Sharon Foell that occurred between 09/20/99 and 12/29/99 in the City of Fargo, County Of Cass, North Dakota.

An evidence inventory and receipt for the search states the law enforcement officers seized a one-page typed billing document, a one-page typed DeEtta Weber report, a two-page typed Sharon Foell report, a four-page handwritten Sharon Foell interview, and a two-page handwritten DeEtta Weber interview.

[¶ 4] In February 2002, Ellis petitioned for post-conviction relief, claiming the search and seizure of items from his file in Rolshoven's office violated Ellis' right to counsel and due process under the Sixth and Fourteenth Amendments of the United States Constitution. The trial court dismissed Ellis' petition, concluding the search and seizure occurred months after Ellis' conviction and sentencing and Ellis had failed to establish misconduct by the law enforcement officers, who acted under a search warrant and did not exceed the scope of the warrant. The court concluded Ellis had not proven deliberate misconduct by the prosecution, or that law enforcement officers' actions resulted in tainted evidence or communication of any defense strategy to the prosecution. The court ruled Ellis had not shown he was prejudiced by the search and seizure.

## II

[¶ 5] The burden of establishing a basis for post-conviction relief rests on the petitioner. *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d 292. Post-conviction proceedings under N.D.C.C. ch. 29–32.1 are civil in nature. *Id.* In a post-conviction proceeding, a court may accept the record if there is a contradiction between the record and a petitioner's unsupported assertions. *Id.*

[¶ 6] A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Hill v. State*, 2000 ND 143, ¶ 17, 615 N.W.2d 135. Contrary to Ellis' claim that the clearly erroneous rule does not apply to review of a trial court's findings based solely on documentary evidence, *see Varnson v. Satran*, 368 N.W.2d 533, 536 (N.D. 1985), N.D.R.Civ.P. 52(a) was amended in 1994 to provide that findings of fact, whether based on oral or documentary evidence, will not be set aside on appeal unless clearly erroneous. N.D.R.Civ.P. 52, Explanatory Note. Under N.D.R.Civ.P. 52(a), a finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. *DeCoteau v. State*, 2000 ND 44, ¶ 10, 608 N.W.2d 240. Questions of law are fully reviewable on appeal of a post-conviction proceeding. *See Falcon v. State*, 1997 ND 200, ¶ 9, 570 N.W.2d 719.

## III

[¶ 7] Ellis argues the law enforcement officers' search and seizure of items in his file in Rolshoven's office violated Ellis' right to counsel and to due process of law under the Sixth and Fourteenth Amendments of the United States Constitution. Ellis argues the law enforcement officers' actions constituted gross misconduct and prejudiced his case, requiring reversal of his conviction or dismissal of the action.

[¶ 8] Under the Sixth Amendment of the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the assistance of counsel for his defense." *See State v. Schneeweiss*, 2001 ND 120, ¶ 6, 630 N.W.2d 482; *State v. Dvorak*, 2000 ND 6, ¶ 9, 604 N.W.2d 445. *See generally* 3 LaFave, Israel, and King, *Criminal Procedure* ch. 11 (2d ed.1999). The Sixth Amendment imposes an affirmative obligation on the prosecution to respect and preserve an accused's choice to seek assistance of counsel, and "at the very least, the prosecutor and police have an affirmative obligation not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel." *Maine v. Moulton*, 474 U.S. 159, 171, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985).

[¶ 9] An essential element of an accused's Sixth Amendment right to assistance of counsel is the privacy of communications with counsel. *State v. Clark*, 1997 ND 199, ¶ 14, 570 N.W.2d 195 (quoting *United States v. Brugman*, 655 F.2d 540, 546 (4th Cir.1981)). There is a legitimate public interest in protecting confidential communications between an attorney and a client, *see Clark*, at ¶ 14 (quoting *State v. Red Paint*, 311 N.W.2d 182, 185 (N.D.1981)), and the attorney-client relationship extends to communications between the client and the attorney or the attorney's representative. *See* N.D.R.Ev. 502. *See also State v. Copeland*, 448 N.W.2d 611, 614–16 (N.D.1989); *Red Paint*, at 184–85.

[¶ 10] An accused's right to assistance of counsel precludes direct restric-

tions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary fact-finding process. *Herring v. New York,* 422 U.S. 853, 858–65, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (holding unconstitutional a statute that authorized trial court to deny counsel any opportunity for final argument in nonjury criminal case). *See* LaFave at § 11.8(a). It also has been recognized that some forms of State interference with the assistance of counsel and an attorney-client relationship do not directly impede the traditional functions of counsel in defending an accused. *See United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). *See generally* LaFave at § 11.8(b).

[¶ 11] In *Weatherford,* 429 U.S. at 547, 97 S.Ct. 837, a convicted defendant brought a civil rights action against an undercover agent, alleging the agent's actions had denied the defendant effective assistance of counsel at his criminal trial. In *Weatherford,* the police arrested both the undercover agent and the defendant for vandalizing a selective service office. *Id.* At the defendant's request, the agent subsequently attended two pretrial meetings with the defendant and his lawyer to discuss the defendant's defense. *Id.* at 547–48, 97 S.Ct. 837. The agent did not initiate the meetings and did not seek information from the defendant or his attorney. *Id.* at 548, 97 S.Ct. 837. The agent did not disclose to his superiors any information derived from the meetings, and when the agent was unexpectedly called as a prosecution witness at trial, he did not testify about anything he learned at the meetings. *Id.* at 548–49, 97 S.Ct. 837.

[¶ 12] The Fourth Circuit Court of Appeals held that " 'whenever the prosecution knowingly arranges or permits intrusion into the attorney-client relationship, the right to counsel is sufficiently endangered to require reversal and a new trial.' " *Weatherford,* 429 U.S. at 549, 97 S.Ct. 837 (quoting *Bursey v. Weatherford,* 528 F.2d 483, 486 (4th Cir.1975)). The court of appeals held the agent was a member of the prosecution and it was immaterial that he had not informed other law enforcement officials about what was said at the meetings. *Weatherford,* 429 U.S. at 549–50, 97 S.Ct. 837. The court of appeals also held the defendant was denied due process by the concealment of the agent's identity. *Id.* at 550, 97 S.Ct. 837.

[¶ 13] The Supreme Court rejected the per se rule for reversal of a conviction in those circumstances. *Weatherford,* 429 U.S. at 551–59, 97 S.Ct. 837. The Court also rejected the State's argument that a defendant assumes the risk whenever the defendant converses with counsel in the presence of a third party who is thought to be a confederate and ally. *Id.* at 554, 97 S.Ct. 837. Under the circumstances of the case, the Court said the defendant would have had a much stronger case for reversal if the agent had testified at trial about the conversations during the attorney-client meetings, if the State's evidence had originated from those conversations, if the conversations had been used in any way to the substantial detriment of the defendant, or if the prosecution had learned the details about the defendant's trial preparation. *Id.* at 554, 97 S.Ct. 837. The Court concluded, in the absence of any of those factors or a purposeful intrusion by the agent, there was no Sixth Amendment violation. *Id.* at 558–59, 97 S.Ct. 837. The Court also held the State's failure to disclose the identify of the agent before trial did not deprive the defendant of due process. *Id.* at 559–61, 97 S.Ct. 837.

[¶ 14] In *Morrison,* 449 U.S. at 362, 101 S.Ct. 665, law enforcement agents

knew the defendant had been indicted and had retained counsel, but nevertheless met with the defendant without counsel's knowledge or permission and disparaged her retained attorney and suggested she could be better represented by appointed counsel. The defendant moved to dismiss the indictment, claiming the agents' conduct, unaccompanied by any allegation of an adverse effect on her defense, violated her Sixth Amendment right to counsel and required dismissal of the action with prejudice. *Id.* at 363, 101 S.Ct. 665. The trial court denied the defendant's motion, and she plead guilty conditioned on her right to appeal the denial of her motion to dismiss. *Id.*

[¶ 15] The Third Circuit Court of Appeals reversed, holding the defendant's right to counsel was violated irrespective of allegations of proof of prejudice, and the only appropriate remedy was dismissal of the prosecution with prejudice. *United States v. Morrison*, 602 F.2d 529 (3rd Cir. 1979). The Supreme Court reversed, concluding it was not necessary to rule on the government's contention that a Sixth Amendment violation could not be established without some defense showing of prejudice. *Morrison*, 449 U.S. at 364, 101 S.Ct. 665. The Court concluded, assuming there was a Sixth Amendment violation, the dismissal was erroneous because that remedy was not tailored to the injury suffered. *Id.* at 364–67, 101 S.Ct. 665. The Court held in the absence of some prejudice to the defendant or adverse impact on the criminal proceeding, there was no basis for dismissing the action:

> Here, respondent has demonstrated no prejudice of any kind, either transitory or permanent, to the ability of her counsel to provide adequate representation in these criminal proceedings. There is no effect of a constitutional dimension which needs to be purged to make certain that respondent has been

effectively represented and not unfairly convicted. The Sixth Amendment violation, if any, accordingly provides no justification for interfering with the criminal proceedings against respondent Morrison, much less the drastic relief granted by the Court of Appeals.

> In arriving at this conclusion, we do not condone the egregious behavior of the Government agents. Nor do we suggest that in cases such as this, a Sixth Amendment violation may not be remedied in other proceedings. We simply conclude that the solution provided by the Court of Appeals is inappropriate where the violation, which we assume has occurred, has had no adverse impact upon the criminal proceedings.

*Id.* at 366–67, 101 S.Ct. 665.

[¶ 16] Under *Weatherford,* 429 U.S. at 556–59, 97 S.Ct. 837 and *Morrison,* 449 U.S. at 365–67, 101 S.Ct. 665, a Sixth Amendment violation occurs if the government knowingly intrudes into the attorney-client relationship, and the intrusion demonstrably prejudices the defendant, or creates a substantial threat of prejudice.

[¶ 17] Relying in part on *State v. Quattlebaum,* 338 S.C. 441, 527 S.E.2d 105 (2000), Ellis argues the State's gross misconduct in this case circumvented the protection afforded by the Sixth Amendment right to counsel and he was not required to show prejudice. Ellis alternatively argues he was prejudiced by the law enforcement officers' conduct.

[¶ 18] In *Quattlebaum,* 527 S.E.2d at 106–07, law enforcement officers and the prosecuting attorney recorded a privileged conversation between a defendant and his attorney and did not reveal the existence of the videotape to the defendant or his attorneys for two years. The South Carolina Supreme Court reviewed federal cases involving government eavesdropping

on attorney-client conversations and held the defendant's Sixth Amendment right to counsel was violated by the deliberate prosecutorial misconduct. *Id.* at 107–09. *See also United States v. Davis*, 646 F.2d 1298, 1303 n. 8 (8th Cir.1981) (stating no prejudice need be shown where there is gross misconduct by government). The *Quattlebaum* court disqualified the prosecuting attorney's office from prosecuting the defendant at his new trial. *Quattlebaum*, at 109. The court said *Weatherford* required a showing of at least a realistic possibility of prejudice to establish a Sixth Amendment violation and concluded:

> *Weatherford* is inapplicable to the case *sub judice*, where a member of the prosecution team intentionally eavesdropped on a confidential defense conversation. We conclude, consistent with existing federal precedent, that a defendant must show either deliberate prosecutorial misconduct *or* prejudice to make out a violation of the Sixth Amendment, but not both. Deliberate prosecutorial misconduct raises an irrebuttable presumption of prejudice. The content of the protected communication is not relevant. The focus must be on the misconduct. In cases involving unintentional intrusions into the attorney-client relationship, the defendant must make a prima facie showing of prejudice to shift the burden to the prosecution to prove the defendant was not prejudiced.

*Quattlebaum*, at 109.

[¶ 19] Here, assuming for purposes of discussion we would adopt the *Quattlebaum* standard for deliberate prosecutorial misconduct, we conclude this record does not establish that misconduct. Ellis has provided no evidence to establish the State's conduct was improper. The law enforcement officers secured a search warrant to search Rolshoven's office, and Ellis does not attack the validity of that search warrant and has not provided any transcripts of a hearing to determine probable cause for that search warrant. Ellis also has not provided any affidavits in support of that search warrant to demonstrate improper conduct by the law enforcement officers. Moreover, the State's alleged improper misconduct occurred after trial and while Ellis' direct appeal was pending in this Court. The alleged misconduct did not occur before or during Ellis' trial, which may have warranted a different result. Rather, the search warrant was executed after the jury trial and sentencing, and Ellis has not demonstrated how his right to a fair trial was prejudiced. Ellis claims he was prejudiced because not only was his appeal pending and his conviction was not therefore final, his brief on appeal had not yet been filed and the issues on appeal not finally determined. Ellis makes no offer, other than conjecture, that the result of the search altered the issues raised in his brief on appeal. We affirmed his conviction, *see Ellis* 2001 ND 84, 625 N.W.2d 544, and no retrial was pending. *See United States v. Singer*, 785 F.2d 228 (8th Cir.1986) (outlining remedy for retrial after finding Sixth Amendment violation). We conclude this record does not establish evidence of gross misconduct by the law enforcement officers, or evidence of prejudice to Ellis, and we therefore hold Ellis' Sixth Amendment right to counsel was not violated.

## IV

[¶ 20] Ellis argues the State's conduct was so outrageous that it violated his due process rights. Our prior decisions do not support that argument.

[¶ 21] In *State v. Erdman*, 422 N.W.2d 808, 811–12 (N.D.1988), we rejected a due process argument in a case where, while arresting the defendant after a high speed chase, the arresting officer allegedly

yelled obscenities and threatened to kill the defendant. *See also State ex rel. Koppy v. Graff,* 484 N.W.2d 855, 859 (N.D. 1992) (stating government misconduct could support dismissal with prejudice). This record does not support Ellis' claims of misconduct or outrageous government conduct, and we reject his due process argument.

V

[¶ 22] Ellis also asks us to reverse his conviction and dismiss the action under our general supervisory powers.

[¶ 23] Our authority to issue a supervisory writ is derived from Article VI, § 2 of the North Dakota Constitution. *City of Fargo v. Dawson,* 466 N.W.2d 584, 585 (N.D.1991). The exercise of our supervisory jurisdiction is discretionary, and used only to rectify errors or prevent injustice in extraordinary cases when no adequate alternative remedies exist. *Minot Daily News v. Holum,* 380 N.W.2d 347, 349 (N.D.1986).

[¶ 24] Here, Ellis' remedy was a post-conviction proceeding and an appeal from that action, and he has failed to establish improper conduct or prejudice in that proceeding. This is not an extraordinary case warranting the exercise of our supervisory power.

VI

[¶ 25] We affirm the judgment.

[¶ 26] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.