2014 ND 6

**Michael Lee BROADWELL, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20130211.

Supreme Court of North Dakota.

Jan. 14, 2014.

Erin M. Conroy, Bottineau, ND, for petitioner and appellant.

Jonathan R. Byers, Office of Attorney General, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Michael Lee Broadwell appeals a district court memorandum denying his application for postconviction relief. Because Broadwell has not established that he was prejudiced by the conduct which he alleges constituted ineffective assistance of counsel and prosecutorial misconduct, we affirm the district court order.

## I

[¶ 2] In the early morning hours of August 30, 2011, McIntosh County sheriffs were called to a home in Ashley, North Dakota, where two individuals alleged that Broadwell, whom they both knew, assaulted and threatened them. During the same time frame, Broadwell made a call to police to report that the same two individuals had come to his apartment and broken in. Broadwell was taken into custody, and after an investigation, police found the two individuals' story more credible. While in custody, Broadwell was brought to the home of the two individuals' neighbor. The neighbor identified Broadwell as having the build and profile of the person the neighbor saw leaving the two individuals' home that night. A hat, sunglasses, and a knife were recovered from the two individuals' home and sent to the North Dakota Crime Laboratory for latent print and DNA testing.

[¶ 3] Following a jury trial, Broadwell was found guilty of burglary, terrorizing, making a false report, giving false information or report to law enforcement officers, simple assault, and disorderly conduct. Broadwell appealed, but the appeal was dismissed pursuant to a motion by Broadwell's attorney. Broadwell then filed an application for postconviction relief arguing, among other things, ineffective assistance of counsel and prosecutorial misconduct. After an evidentiary hearing, the district court denied Broadwell's postconviction application. Broadwell appealed.

## II

[¶ 4] Broadwell appeals from a district court memorandum denying his application for postconviction relief. "An attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists." *Lund v. Lund*, 2011 ND 53, ¶ 5, 795 N.W.2d 318 (citations omitted). The district court in this case filed a findings of fact, conclusions of law, and order denying postconviction relief on the same date as the memorandum from which Broadwell appeals. We will therefore treat Broadwell's appeal as an appeal from a subsequently entered consistent judgment.

[¶ 5] Postconviction proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Moore v. State*, 2007 ND 96, ¶ 8, 734 N.W.2d 336 (citation omitted). "The petitioner has the burden of establishing grounds for post-conviction relief." *Id.* (citation omitted). "A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a)." *Ellis v. State*, 2003 ND 72, ¶ 6, 660 N.W.2d 603 (citing *Hill v. State*, 2000 ND 143, ¶ 17, 615 N.W.2d 135). "A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made." *Cue v. State*, 2003 ND 97, ¶ 10, 663 N.W.2d 637 (citation omitted). "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Ellis*, at ¶ 6 (citing *Falcon v. State*, 1997 ND 200, ¶ 9, 570 N.W.2d 719).

## III

[¶ 6]   On appeal, Broadwell argues the district court erred in finding that his trial counsel was not ineffective.   In support of his argument, Broadwell alleges his trial counsel failed to request a copy of DNA evidence, failed to move to exclude prior crimes, failed to counsel Broadwell not to testify about prior crimes, failed to object to testimony about prior crimes, failed to present exculpatory evidence to the jury, and failed to move to exclude the eyewitness identification.

[¶ 7]   "The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this court." *Garcia v. State*, 2004 ND 81, ¶ 6, 678 N.W.2d 568 (citation omitted). "To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him." *Id.* at ¶ 5 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Robertson*, 502 N.W.2d 249, 251 (N.D.1993)).   Even where the court finds that counsel's representation fell below an objective standard of reasonableness, prejudice is not normally assumed.   "Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial." *Coppage v. State*, 2013 ND 10, ¶ 21, 826 N.W.2d 320 (citation omitted).   Courts need not address both elements of the ineffective assistance of counsel test, and if a court can dispose of the case by addressing only one element, it is encouraged to do so. *State v. McLain*, 403 N.W.2d 16, 18 (N.D.1987).

[¶ 8]   In this case, Broadwell's ineffective assistance of counsel claim can be disposed of by addressing the prejudice prong of the *Strickland* test.   Although Broadwell alleged a myriad of errors by his trial counsel, including several which were not argued on appeal, Broadwell failed to put forth any evidence showing these alleged errors prejudiced his defense.   The district court correctly found that a number of the allegations Broadwell made were not supported by the testimony at the evidentiary hearing.   Broadwell's trial counsel made a discovery request, and he testified at the evidentiary hearing that he had received the DNA report by the time of trial.   The court found that Broadwell's trial counsel did not object to certain evidence because objecting after the fact and asking for a limiting instruction would have been more prejudicial than remaining silent.   The court also found Broadwell's trial counsel was not able to specify anything he might have done differently had the case proceeded as Broadwell alleges it should have.   These findings of fact correctly encapsulate the evidentiary hearing testimony.   We therefore hold Broadwell did not meet his burden of proving prejudice.

## IV

[¶ 9]   Broadwell also argues that the prosecutor committed numerous errors which amount to prosecutorial misconduct.   On appeal, Broadwell alleges the prosecutor failed to disclose the DNA report and failed to call a witness who would have provided Broadwell with an alibi.   Because prosecutorial misconduct was not raised by Broadwell at trial, this claim could have been dismissed by the postconviction court as misuse of process, had the State argued for it.   *See* N.D.C.C. § 29–32.1–12(2)(a), (3).   However, the State did not argue misuse of process.   The stan-

dard for reviewing a claim of prosecutorial misconduct is clear:

> In reviewing a claim of prosecutorial misconduct, [a court] must first determine whether the prosecutor's actions were misconduct and, if they were, then ... examine whether the misconduct had prejudicial effect. Prosecutorial misconduct may infect the trial with unfairness as to make the resulting conviction a denial of due process. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial.

*State v. Evans*, 2013 ND 195, ¶ 26, 838 N.W.2d 605 (citations omitted) (internal quotation marks omitted) (outlining the standard of review for prosecutorial misconduct claims on direct appeal when the claim was properly preserved at trial); *but cf. State v. Muhle*, 2007 ND 132, ¶ 39, 737 N.W.2d 647 (applying obvious error analysis on direct appeal where a defendant had not properly preserved a claim of prosecutorial misconduct at trial).

[¶ 10] With respect to disclosure of the DNA report, there is some evidence that Broadwell's trial counsel made a pretrial discovery request. Although testimony at the postconviction hearing establishes that Broadwell's trial counsel did have the DNA report by the time of trial, the prosecutor was not sure whether he gave the DNA report to Broadwell. Even assuming for purposes of discussion that the prosecutor failed to timely disclose the report and that this failure constituted misconduct, we conclude Broadwell was not prejudiced. Broadwell's trial counsel had the DNA report by the time of trial. Broadwell's trial counsel was not able to specify anything he might have done differently had the report been disclosed at the proper time. Broadwell's trial counsel elicited testimony about the DNA report at trial and established that Broadwell's DNA was not a match. We therefore hold the prosecutor's conduct with respect to the DNA report did not prejudice Broadwell.

[¶ 11] Broadwell also argues the State's failure to call an alibi witness for Broadwell was prosecutorial misconduct. We fail to see how a State's decision not to call a witness amounts to misconduct, and Broadwell cites no caselaw in support of this argument. A party alleging a constitutional violation "must do more than submit bare assertions...." *State v. Demarais*, 2009 ND 143, ¶ 18, 770 N.W.2d 246 (quoting *Olson v. Workforce Safety & Ins.*, 2008 ND 59, ¶ 26, 747 N.W.2d 71). It "must provide persuasive authority and reasoning, and without supportive reasoning or citations to relevant authorities an argument is without merit." *Demarais*, at ¶ 18 (quoting *Olson*, at ¶ 26). We hold Broadwell's argument that the State's failure to call an alibi witness for Broadwell was prosecutorial misconduct is meritless.

V

[¶ 12] We decline to address other arguments raised in Broadwell's appeal which were not raised before the district court. *See Frison v. Ohlhauser*, 2012 ND 35, ¶ 7, 812 N.W.2d 445 (citing *Berlin v. State*, 2000 ND 13, ¶ 20, 604 N.W.2d 437). We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. We affirm the district court order denying postconviction relief.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.

[¶ 14] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge MARY MUEHLEN MARING, sitting.