Tufte, Justice.
 

 [¶ 1] Randy Jensen appeals from a district court order denying his application for post-conviction relief. We affirm.
 

 I
 

 [¶ 2] In February 2016, Jensen was charged in district court case 09-2016-CR-537 with possession of methamphetamine, a controlled substance. Gordon Dexheimer was appointed as counsel in that matter. Attorney Ross Brandborg represented Jensen in several other criminal
 
 *902
 
 cases. Dexheimer, Brandborg, and the State reached a "global resolution" to resolve all of Jensen's cases.
 

 [¶ 3] In May 2016, Jensen wrote a letter requesting new counsel in 09-2016-CR-537. Dexheimer moved to withdraw from the case, and a hearing was held. The district court allowed Dexheimer to withdraw, and Brandborg, who was present at the hearing, represented Jensen on all of his matters. After 09-2016-CR-537 was called, the district court incorrectly stated that the preliminary hearing had already taken place. The district court then asked for Jensen's plea. Jensen pleaded guilty and was sentenced.
 

 [¶ 4] In December 2016, Jensen applied for post-conviction relief on the basis of ineffective assistance of counsel and failure to provide a preliminary hearing. At the post-conviction hearing, Brandborg testified to his representation. Jensen did not present evidence. The district court entered an order denying Jensen's application.
 

 II
 

 [¶ 5] Jensen argues that he received ineffective assistance of counsel. Ineffective assistance of counsel is a mixed question of law and fact fully reviewable by this Court.
 
 Broadwell v. State
 
 ,
 
 2014 ND 6
 
 , ¶ 7,
 
 841 N.W.2d 750
 
 . To prevail, a petitioner must prove his counsel's performance fell below an objective standard of reasonableness and this deficient performance prejudiced him.
 

 Id.
 

 Jensen argues that his counsel's performance fell below an objective standard of reasonableness because his counsel "failed to ensure that he understood what was happening in the courtroom" when he changed his plea to guilty.
 

 [¶ 6] At the change of plea hearing, Brandborg stated that he was "prepared to take care of all of the files" and that the parties had a "global resolution as to everything." The following exchange occurred:
 

 THE COURT: Okay. 09-2016-CR-537, the State of North Dakota versus Randy Scott Jensen. This was Possession of a Controlled Substance at the C Felony level. Mr. Dexheimer was originally appointed, he's been allowed to withdraw now by Court order. Are we proceeding on the original information here?
 

 MR. YOUNGGREN: Yes, Your Honor.
 

 THE COURT: All right. I'm pulling that up, Mr. Jensen. That document entitled Information alleges Possession of Methamphetamine, a Schedule II Controlled Substance here in Cass County back on February 10th. Your plea to that today?
 

 THE DEFENDANT: Yes.
 

 THE COURT: Is?
 

 THE DEFENDANT: Guilty.
 

 ....
 

 THE COURT: In your mind is your plea freely and voluntarily given?
 

 THE DEFENDANT: Yeah.
 

 In addition to Brandborg and the district court providing background and procedural information, Jensen's responses indicate that he was not confused about which case the court was addressing when pleading guilty in 09-2016-CR-537.
 

 [¶ 7] At the post-conviction hearing, Brandborg testified that he conversed with Jensen during the change of plea hearing. Further, Brandborg was asked, "[D]id Mr. Jensen at any time during the course of that change of plea indicate to you that he was confused about what was going on?" Brandborg responded, "I don't recall anything." Because Jensen failed to rebut the
 
 *903
 
 presumption that his counsel's conduct was reasonable,
 
 see
 

 Wong v. State
 
 ,
 
 2011 ND 201
 
 , ¶ 18,
 
 804 N.W.2d 382
 
 , the district court did not err by denying the claim of ineffective assistance of counsel.
 

 III
 

 [¶ 8] Jensen argues that he did not waive his right to a preliminary hearing. A preliminary hearing is not a constitutional right, but a statutory right.
 
 State v. Rudolph
 
 ,
 
 193 N.W.2d 237
 
 , 241 (N.D. 1971). A defendant may waive his right to a preliminary hearing if he does not object to the information prior to entering his plea.
 
 State v. Keener
 
 ,
 
 2008 ND 156
 
 , ¶ 26,
 
 755 N.W.2d 462
 
 ;
 
 see also
 
 N.D.R.Crim.P. 10, explanatory note ("Failure to comply with the requirements of a proper arraignment is an irregularity that does not warrant a reversal of a conviction if not raised before trial.");
 
 State v. Slapnicka
 
 ,
 
 376 N.W.2d 33
 
 , 35 (N.D. 1985) ("Generally, a voluntary plea of guilty waives all nonjurisdictional defects alleged to have occurred prior to the guilty plea.").
 

 [¶ 9] Jensen filed a letter requesting new counsel prior to the change of plea hearing. In this letter, Jensen also stated that he had not had a preliminary hearing. At the hearing, the district court incorrectly stated that the preliminary hearing had already been performed and proceeded to take Jensen's plea. Jensen freely pled guilty, without any mention of his desire to exercise his right to a preliminary hearing. Further, the record indicates that Jensen was aware of this right because he had received and signed a Notification of Rights and Acknowledgment form stating that he had the right to a preliminary hearing and that he could waive that right. Jensen's letter also indicated that he was aware of this right. His failure to raise the issue during the hearing and his freely entering a guilty plea shows he intended to waive this right. Thus, we conclude that Jensen waived his right to a preliminary hearing.
 

 IV
 

 [¶ 10] Because the district court did not err by denying Jensen's application for post-conviction relief, we affirm.
 

 [¶ 11] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.