# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 244

Paxton Benjamin Heywood,                                        Petitioner and Appellant

v.

State of North Dakota,                                        Respondent and Appellee

### No. 20230223

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Per Curiam.

Laura C. Ringsak, Bismarck, ND, for petitioner and appellant; submitted on brief.

Anna A. Argenti, Assistant State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

# Heywood v. State
## No. 20230223

**Per Curiam.**

[¶1]   Paxton Heywood appeals from an order denying his application for post-conviction relief. Heywood argues the district court erred in denying his post-conviction relief application. He claims he received ineffective assistance of counsel because his trial counsel failed to discredit a witness, failed to call an expert witness, and failed to ensure a witness testified at trial. After a hearing, at which Heywood's trial counsel testified, the court found Heywood's trial counsel made trial strategy decisions and his representation did not fall below an objective standard of reasonableness. The court also held Heywood failed to establish a reasonable probability that, but for the alleged errors of counsel, the results of the proceeding would have been different in this case.

[¶2]   We conclude the district court did not clearly err in finding Heywood did not prove his counsel's conduct fell below an objective standard of reasonableness. *Garcia v. State*, 2004 ND 81, ¶ 8, 678 N.W.2d 568 (quoting *Breding v. State*, 1998 ND 170, ¶ 9, 584 N.W.2d 493) ("An unsuccessful trial strategy does not make defense counsel's assistance defective, and we will not second-guess counsel's defense strategy through the distorting effects of hindsight."). We need not address the second element of Heywood's ineffective assistance of counsel claim. *Broadwell v. State*, 2014 ND 6, ¶ 7, 841 N.W.2d 750 ("Courts need not address both elements of the ineffective assistance of counsel test, and if a court can dispose of the case by addressing only one element, it is encouraged to do so."). We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

1