**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**JANUARY 22, 2024**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 14

Chase Duane Swanson,                    Petitioner and Appellant

v.

State of North Dakota,                    Respondent and Appellee

## No. 20230249

Appeal from the District Court of Bowman County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Per Curiam.

Rina Morales-Holmes, Minot, ND, for petitioner and appellant; submitted on brief.

Andrew J. Q. Weiss, State's Attorney, Bowman, ND, for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1] Chase Swanson appeals from a district court order denying his application for postconviction relief. In 2021, Swanson pled guilty to one count of conspiracy to commit murder. Swanson applied for postconviction relief claiming ineffective assistance of counsel and raising constitutional challenges to the laws applied. The court summarily dismissed Swanson's constitutional claims, but held an evidentiary hearing on the ineffective assistance of counsel claim. After an evidentiary hearing, the court denied his application.

[¶2] On appeal, Swanson argues the district court erred in denying his application because he received ineffective assistance of counsel, claiming his attorney failed to properly advise him regarding his guilty plea and sentence. After a review of the record, we conclude the court's findings regarding the second prong, whether counsel's representation caused prejudice, were not clearly erroneous and we are not left with a definite and firm conviction a mistake has been made. Courts need not address both prongs of the *Strickland* test if the case can be disposed of by addressing only one prong. *Broadwell v. State*, 2014 ND 6, ¶ 7, 841 N.W.2d 750. Swanson failed to present competent and admissible evidence to establish prejudice under the second prong of the two-prong *Strickland* test for ineffective assistance of counsel in the context of a guilty plea. *See Booth v. State*, 2017 ND 97, ¶¶ 9-15, 893 N.W.2d 186 (holding defendant failed to show counsel's allegedly deficient performance in advising him with regard to his plea of guilty prejudiced him and, therefore, did not establish ineffective assistance of counsel).

[¶3] Swanson also argues he was not afforded an opportunity to be heard on all of the issues because the district court limited the evidentiary hearing. We decline to address this argument. *See State v. Gates*, 2020 ND 237, ¶ 8, 951 N.W.2d 223 (issues not adequately articulated, supported, and briefed are not considered on appeal). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).

[¶4]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr