**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Richard Lewis BALLARD, Defendant and Appellant.**

**Cr. No. 884.**

Supreme Court of North Dakota.

Dec. 30, 1982.

Tom P. Slorby, State's Atty. and John P. Van Grinsven III, Asst. State's Atty., Minot, for plaintiff and appellee; argued by John Van Grinsven III, Asst. State's Atty., Minot.

Farhart, Rasmuson, Lian & Maxson, Minot, for defendant and appellant; argued by R. James Maxson, Minot.

SAND, Justice.

Richard Lewis Ballard, the defendant, was charged with having committed the offense of being an accomplice to the delivery of a controlled substance in violation of North Dakota Century Code §§ 12.1–03–01, 19–03.1–05(4)($o$) and 19–03.1–23(1)(b), a class B felony. The defendant and the State stipulated to the facts, including a partial transcript of the testimony at the preliminary hearing, and the case was submitted to the court sitting without a jury. The court issued a memorandum opinion finding the defendant guilty of being an accomplice as charged and sentenced the defendant to three years at the state penitentiary. Judgment was entered and the defendant appealed.

The defendant contended that his actions established that he was guilty only of facilitation under NDCC § 12.1–06–02, a class A misdemeanor, but not of being an accomplice. The defendant also contended that the accomplice statute, NDCC § 12.1–03–01, and the facilitation statute, NDCC § 12.1–06–02, are so similar in language that they, in effect, prohibited the same acts with different penalties and thus violated the Fourteenth Amendment to the United States Constitution and Art. I, §§ 12 and 21 of the North Dakota Constitution. The defendant argued that the accomplice statute uses the expression "aids the other to commit [the crime]," whereas the facilitation statute uses the expression "provides substantial assistance," and that the terms or words "aids" and "assistance" mean the same thing and, for that reason, the statutes are too similar, or in the alternative, too vague to provide for separate offenses.

A fundamental tenet of due process is that "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979) citing *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939).

Section 12.1–03–01, NDCC, accomplice, in pertinent part provides as follows:

"1. A person may be convicted of an offense based upon the conduct of another person when:

a. Acting with the kind of culpability required for the offense, he caused the other to engage in such conduct;

b. *With intent that an offense be committed,* he commands, induces, procures, or *aids* the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so; or

c. He is a co-conspirator and his association with the offense meets the requirements of either of the other subdivisions of this subsection." [Emphasis added.]

Section 12.1–06–02, NDCC, criminal facilitation, provides in pertinent part as follows:

"1. A person is guilty of criminal facilitation if he knowingly provides substantial *assistance to a person intending to commit a felony* and that person, in fact, commits the crime contemplated, or a like or related felony, employing the assistance so provided. The ready lawful availability from others of the goods or services provided by a defendant is a factor to be considered in determining whether or not his assistance was substantial. This section does not apply to a person who is either expressly or by implication made not accountable by the statute defining a felony facilitated or related statutes."

Our analysis of these two statutes must be made against the backdrop of our rules of statutory construction.

The primary purpose of statutory construction is to ascertain the legislative intent. *State v. Moore,* 286 N.W.2d 274 (N.D. 1979), *cert. denied* 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980).

The Legislature's intent must first be sought from the language of the statute. *State v. Nordquist,* 309 N.W.2d 109 (N.D. 1981).

The statute must be considered as a whole and particular words must be considered in the context in which they are used. *Morton County v. Henke,* 308 N.W.2d 372 (N.D.1981); *State v. Mees,* 272 N.W.2d 61 (N.D.1978).

If a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. *Morton County v. Henke, supra.*

While the facilitation and accomplice statutes both use words having the same meaning, such as "assistance" and "aids," the main difference lies in the context in which they are used. The accomplice statute makes it a crime for any person "*with intent that an offense be committed,* ... commands, induces, procures, or aids the other to commit it" whereas the facilitation

statute makes it a crime if a person knowingly provides substantial assistance *to a person intending to commit a felony,* and that person in fact commits the crime contemplated. A major distinction exists between the two statutes. Under the accomplice statute, the giving of *aid with intent* that the offense be committed is the key element, whereas under the facilitation statute knowingly providing *assistance without intent* to commit an offense to a person who intends to commit a felony and actually commits the crime contemplated, is the key element and difference.

Many statutes have the same phrases but because of some other qualifying factor the degree of the crime is different. For example, homicide includes: (1) murder—intentionally or knowingly *causes the death of another human being;* (2) manslaughter—recklessly *causes the death of another human being;* and (3) negligent homicide—negligently *causes the death of another human being.*

This clearly illustrates the many statutes defining various crimes contain similar or the same words or phrases but because of the qualifying language or the context in which they are used, produce different results.

In the instant case, the intent of the actor (Ballard, the defendant) is the predominant factor. If he gave aid with intent that the offense be committed or will be committed he was guilty of being an accomplice; whereas, if he knowingly gave aid to the person who intended to commit a felony he would be guilty only of facilitation. As can be seen, there is a significant difference. As to intent, common sense tells us that it may be determined only from the outward manifestation, words or acts of the person concerned.

■ We conclude the accomplice statute and the facilitation statute are clear and unambiguous and do not have the same, or a virtually indistinguishable, burden of proof. Accordingly, we do not believe the statutes violate the Fourteenth Amendment of the United States Constitution or Art. I, §§ 12 and 21 of the North Dakota Constitution.

■ The trial court examined the stipulated facts and found in its memorandum opinion that the defendant was a middleman in a drug deal. The defendant had a personal monetary stake in the outcome of the transaction and, as indicated in the transcript of the preliminary hearing, the defendant was involved in the entire transaction except for the actual delivery of the drugs to the undercover agents. The defendant was not at the actual transaction because one of the persons did not want him present. The facts indicate that not only did the defendant have knowledge that the person he aided intended to commit a crime, but also that the defendant gave aid with the intent that the offense be committed. We have examined the stipulated facts, including the transcript of a portion of the preliminary hearing, and agree with the trial court that the facts justify a finding that the defendant acted and gave aid with the intent that an offense be committed and as such warrant finding the defendant guilty of the crime of being an accomplice.

The judgment is affirmed.

ERICKSTAD, C.J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.