STATE of North Dakota, Plaintiff
and Appellee,

v.

June LANGAN, Defendant
and Appellant.

Cr. No. 1216.

Supreme Court of North Dakota.

July 28, 1987.

James F. Twomey, Asst. States Atty.,
Fargo, for plaintiff and appellee.

Brian W. Nelson, Fargo, for defendant
and appellant.

LEVINE, Justice.

June Ann Langan appeals from a judgment of conviction entered upon a jury verdict finding her guilty of being an accomplice to possession of a controlled substance in violation of §§ 12.1–03–01, 19–03.1–07, and 19–03.1–23, N.D.C.C. We reverse and remand for a new trial because of the failure to instruct the jury on the lesser included offense of criminal facilitation.

On the morning of June 30, 1985, June Langan approached the Northwest Orient

ticket counter at the airport in Fargo and unsuccessfully requested delivery of a package addressed to June's cousin, Martin Langan. Later that day, she again asked for the package but was told that the addressee of the package had to pick it up. At approximately 5:45 p.m. on June 30, 1985, Martin picked up the package at the airport, walked to the airport's long-term parking area, and drove June's automobile, in which June was a passenger, to the exit gate of the parking lot, where the automobile was stopped by law enforcement officers. Martin was immediately arrested and the package, which contained cocaine, was retrieved from the back seat of the automobile. June was interviewed and released.

Martin was convicted of possession of a controlled substance in 1985. On January 20, 1986, June was charged with being an accomplice to possession of a controlled substance. She appealed from the judgment of conviction entered upon the jury verdict finding her guilty and has raised issues relating to the trial court's failure to grant her motion for judgment of acquittal, the trial court's jury instructions, and the trial court's failure to give a jury instruction on the lesser included offense of criminal facilitation.

■ June asserts that the trial court erred in failing to grant her Rule 29, N.D. R.Crim.P., motion for a judgment of acquittal at the close of the State's case. In ruling on a motion for judgment of acquittal, the trial court must view the evidence in a light most favorable to the prosecution and assume the truth of the prosecution's evidence. *State v. Holy Bull*, 238 N.W.2d 52 (N.D.1975). The court must determine if a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *State v. Allen*, 237 N.W.2d 154 (N.D.1975). We find no error in denying the motion.

June asserts that the trial court's jury instructions "were insufficient and misleading when taken as a whole in that they did not include Defendant's requested instruction as to her presence at the scene, her knowledge and intent and to specify when she committed the alleged crime." We are not persuaded by the arguments presented that the instructions were insufficient and misleading in the respects asserted.

■ June next asserts that the trial court erred in refusing to instruct the jury on the lesser included offense of criminal facilitation. We agree.

Section 12.1–03–01(1), N.D.C.C., provides:
*"12.1–03–01. Accomplices.*

"1. A person may be convicted of an offense based upon the conduct of another person when:

"a. Acting with the kind of culpability required for the offense, he causes the other to engage in such conduct;

"b. With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so; or

"c. He is a coconspirator and his association with the offense meets the requirements of either of the other subdivisions of this subsection."

Section 12.1–06–02(1), N.D.C.C., provides:
*"12.1–06–02. Criminal Facilitation.*

"1. A person is guilty of criminal facilitation if he knowingly provides substantial assistance to a person intending to commit a felony and that person, in fact, commits the crime contemplated, or a like or related felony, employing the assistance so provided. The ready lawful availability from others of the goods or services provided by a defendant is a factor to be considered in determining whether or not his assistance was substantial. This section does not apply to a person who is either expressly or by implication made not accountable by the statute defining the felony facilitated or related statutes."

Section 12.1–01–04(15), N.D.C.C., provides:

"15. 'Included offense' means an offense:

"a. Which is established by proof of the same or less than all the facts

required to establish commission of the offense charged;

"b. Which consists of criminal facilitation of or an attempt or solicitation to commit the offense charged; or

"c. Which differed from the offense charged only in that it constitutes a less serious harm or risk of harm to the same person, property, or public interest, or because a lesser degree of culpability suffices to establish its commission."

In *State v. Ballard,* 328 N.W.2d 251, 253 (N.D.1982), we noted differences between the accomplice and facilitation statutes:

"Under the accomplice statute, the giving of *aid with intent* that the offense be committed is the key element, whereas under the facilitation statute knowingly providing *assistance without intent* to commit an offense to a person who intends to commit a felony and actually commits the crime contemplated, is the key element and difference.

\* \* \* \* \* \*

"In the instant case, the intent of the actor (Ballard, the defendant) is the predominant factor. If he gave aid with intent that the offense be committed or will be committed he was guilty of being an accomplice; whereas, if he knowingly gave aid to the person who intended to commit a felony he would be guilty only of facilitation. As can be seen, there is a

significant difference. As to intent, common sense tells us that it may be determined only from the outward manifestation, words or acts of the person concerned."

In *Ballard,* our attention was focused on the intent of the actor and it was unnecessary to focus on the actor's knowledge of the other's criminal intent.

Sections 12.1–03–01(1), 12.1–06–02(1), and 12.1–01–04(15), N.D.C.C., are nearly identical to provisions of the proposed federal criminal code from which they were drawn. *See* proposed §§ 401, 1002, and 109(q) in the Final Report, National Commission on Reform of Federal Criminal Laws (1971).[1]

The difference between accomplice liability [§ 12.1–03–01(1), N.D.C.C., and § 401 of the proposed federal criminal code] and facilitator liability [§ 12.1–06–02(1), N.D.C.C., and § 1002 of the proposed federal criminal code] is clearly articulated in the Comments to §§ 401[2] and 1002,[3] Final Draft, *supra.*[4] The fact that facilitation is an included offense to accomplice liability is also clearly articulated in the Comments to §§ 401 and 1002, Final Draft, *supra. See also* I Working Papers of the National Commission on Reform of Federal Criminal Laws at 155 and 160–161; *A Hornbook to the North Dakota Criminal Code,* 50 N.D. L.Rev. 639, 683–684 (1974).

■ As the Comments to §§ 401 and 1002 of the Final Report, *supra,* make

1. Section 12.1–03–01(1), N.D.C.C., is identical in all material respects to § 401, Final Report, *supra,* except that § 12.1–03–01(1)(b) uses the phrase, "having a statutory duty to prevent its commission," rather than the phrase, "having a legal duty to prevent its commission," found in § 401(1)(b). Section 12.1–06–02(1), N.D.C.C., is identical to § 1002, Final Report, *supra.* Section 12.1–01–04(15), N.D.C.C., differs from § 109(q), Final Report, *supra,* in style only, and not in substance.

2. "Subsection (1)(b) must be examined in connection with § 1002 (Criminal Facilitation). Accomplice liability is limited to a person who aids another with *intent* that the other commit an offense; aiding with *knowledge* that the person aided intends to commit a crime is punishable, if at all, as the lesser offense of facilitation." Comment to § 401, Final Report, *supra,* at p. 33.

3. "This section, in effect, creates an included offense to accomplice liability, and would provide a legislative solution to the dilemma faced by a court which has to choose between holding a facilitator as a full accomplice or absolving him completely of criminal liability. See § 401 and comment thereto, *supra.* The culpability required of a facilitator is only *knowledge,* whereas that required of an accomplice is *intent* that the crime be committed." Comment to § 1002, Final Report, *supra,* at pp. 68–69.

4. This case indicates that a valuable service could be performed by including in Title 12.1, N.D.C.C., the Comments to sections of the proposed federal criminal code contained in the Final Report, *supra,* from which corresponding sections in Title 12.1, N.D.C.C., were drawn, thus making the Comments more readily available to the trial bench and bar.

clear, criminal facilitation is a lesser included offense to accomplice liability. However, a determination that an offense is a lesser included offense does not necessarily require that a lesser included offense instruction be given upon request. In *State v. Piper*, 261 N.W.2d 650, 654 (N.D.1978), this court said:

> "The test it not merely whether or not the offense is a lesser included offense of the basic offense charged, but rather is whether or not there is evidence which will create a reasonable doubt as to the greater offense and support a conviction of the lesser included offense."

*See also State v. Trieb*, 315 N.W.2d 649 (N.D.1982); *State v. Sheldon*, 301 N.W.2d 604 (N.D.1980); *State v. Houser*, 261 N.W.2d 382 (N.D.1977).

 In this case, the same evidence from which a juror could infer that June aided another with intent that the other commit an offense (accomplice liability) could also allow a juror to infer that June only aided another with knowledge that the other intended to commit an offense (facilitation). Aiding another with knowledge that the other intends to commit an offense may, but need not, ripen into aiding another with intent that an offense be committed. Thus, there is evidence which could create a reasonable doubt as to accomplice liability and support a conviction of criminal facilitation.

Because criminal facilitation is a lesser included offense to accomplice liability and there is evidence bearing upon June's intent or knowledge which could create a reasonable doubt as to the greater offense and support a conviction of the lesser included offense, the trial court erred in refusing to instruct the jury on the lesser included offense of criminal facilitation.

 The error is not harmless error under Rule 52(a), N.D.R.Crim.P. June's theory was that her guilt, if any, was that of a facilitator, not an accomplice. The line be-

tween accomplice and facilitation liability is shadowy (I Working Papers, *supra*, at 160) and June should have been granted the opportunity to have the jury consider whether she acted with the intent necessary of an accomplice or only the knowledge necessary of a facilitator. The trial court's refusal to give a lesser included offense instruction constituted prejudicial error. *See State v. Thiel*, 411 N.W.2d 66 (N.D.1987). The judgment of conviction is, therefore, reversed.[5]

The judgment of conviction is reversed and the matter is remanded for a new trial in accordance with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

**5.** As in *State v. Gross*, 351 N.W.2d 428, 431 (N.D.1984), "we need not consider if Section 12.1–01–04(15) and cases interpreting this section permit instructions for cognate offenses." *See People v. Jones*, 395 Mich. 379, 236 N.W.2d 461, 464 (1975) (defining cognate offenses as lesser offenses that "share several elements, and are of the same class or category, but may contain some elements not found in the higher offense."). *See also Jury Instructions on Lesser Included Offenses*, 57 Nw.U.L.R. 62 (1962). In the instant case, because knowledge is a part of intent, the lesser offense does not contain elements absent in the higher offense.