2015 ND 149

**Russell Wayne EVERETT, Jr., Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140288.

Supreme Court of North Dakota.

June 11, 2015.

Eric P. Baumann, Minot, N.D., for petitioner and appellant.

Julie A. Lawyer, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

McEVERS, Justice.

[¶ 1] Russell Everett, Jr., appeals from an order denying his application for post-conviction relief. We conclude the district court did not err in concluding Everett failed to establish that he received ineffective assistance of counsel in entering a guilty plea to a charge of aggravated assault involving domestic violence and that withdrawal of the guilty plea was necessary to correct a manifest injustice. We affirm.

I

[¶ 2] In December 2012, the State charged Everett with aggravated assault involving domestic violence, and counsel was appointed to represent him. Everett was unable to post bond and he remained in custody until May 2013, when he ap-

peared at a change of plea hearing with counsel, pled guilty to the charge, and was sentenced to a period of incarceration.

[¶ 3] In August 2013, Everett filed a self-represented application for post-conviction relief, claiming his plea was not voluntary and he received ineffective assistance of counsel. Everett's application claimed his guilty plea was not voluntarily made with an understanding of the charge and the consequences of his plea because his lawyer "was not helping [him]" and his "lawyer said [he] would get probation and get out." Everett also claimed his "plea bargain did not come true" and he was "lied [to] about [his] plea bargain." He also claimed he was denied effective assistance of counsel because he was "unlawfully arrested ... with no evidence against" him. Counsel was appointed to represent Everett in the post-conviction proceeding.

[¶ 4] At an evidentiary hearing Everett, through counsel, sought to withdraw his guilty plea, claiming he thought he would be sentenced to time served and did not understand he would be sentenced to further incarceration. The district court denied Everett's application, concluding withdrawal of his guilty plea was not necessary to correct a manifest injustice and he was not denied effective assistance of counsel. The court ruled withdrawal of the guilty plea was not necessary to correct a manifest injustice, because the evidence did not support Everett's claim he thought he would be sentenced to time served. The post-conviction court said the sentencing court substantially complied with N.D.R.Crim.P. 11 and 32 and ruled Everett's trial counsel's assistance did not fall below an objective standard of reasonableness and Everett was not prejudiced by counsel's representation.

II

[¶ 5] Proceedings on applications for post-conviction relief are civil in

nature and governed by the North Dakota Rules of Civil Procedure. *Flanagan v. State,* 2006 ND 76, ¶ 9, 712 N.W.2d 602. It is well established that an applicant for post-conviction relief has the burden of establishing grounds for relief. *E.g., Flanagan,* at ¶ 10; *Abdi v. State,* 2000 ND 64, ¶ 8, 608 N.W.2d 292. A district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Laib v. State,* 2005 ND 187, ¶ 11, 705 N.W.2d 845. A finding of fact is clearly erroneous if induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court is left with a definite and firm conviction a mistake has been made. *Syvertson v. State,* 2005 ND 128, ¶ 4, 699 N.W.2d 855. Questions of law are fully reviewable on appeal in post-conviction proceedings. *Id.*

### III

[¶ 6] Everett argues the district court erred in denying his application for post-conviction relief because he received ineffective assistance of counsel in the underlying criminal proceeding. Relying on his statements at the change of plea hearing that he was surprised, confused, and shocked, he claims his trial counsel's representation was defective because counsel did not properly consult with him before he pled guilty. Everett claims counsel's lack of consultation prejudiced him because he was confused and would not have pled guilty if he had known he would be sentenced to incarceration.

[¶ 7] The Sixth Amendment of the United States Constitution, applied through the Fourteenth Amendment to the States, and Article I, Section 12, of the North Dakota Constitution guarantee criminal defendants effective assistance of counsel. *State v. Garge,* 2012 ND 138, ¶ 10, 818 N.W.2d 718. An ineffective assistance of counsel claim involves a mixed question of law and fact, fully reviewable by this Court. *Flanagan,* 2006 ND 76, ¶ 9, 712 N.W.2d 602. In order to prevail on a post-conviction claim for ineffective assistance of counsel, an applicant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–96, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An applicant raising a post-conviction claim for ineffective assistance of counsel has the "heavy burden" of establishing the requirements of the two-prong *Strickland* test. *Flanagan,* at ¶ 10.

[¶ 8] The first prong of the *Strickland* test is measured using "prevailing professional norms," and is satisfied if an applicant proves counsel's conduct consisted of errors serious enough to result in denial of the counsel guaranteed by the Sixth Amendment. *Sambursky v. State,* 2006 ND 223, ¶ 13, 723 N.W.2d 524. A defendant must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance and courts must consciously attempt to limit the distorting effect of hindsight. *Flanagan,* 2006 ND 76, ¶ 10, 712 N.W.2d 602. The second prong requires an applicant to show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. *Id.*

[¶ 9] The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The appropriate standard for prejudice in cases involving pleas was established in *Hill,* which held that a defendant who enters a plea must show "a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. 366. In *Bahtiraj v. State*, 2013 ND 240, ¶ 16, 840 N.W.2d 605 (citations omitted), we explained the prejudice prong in the context of a guilty plea:

All courts "require something more than defendant's 'subjective, self-serving' statement that, with competent advice, he would" not have pled guilty and would have insisted on going to trial. "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." This standard "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." The petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." This requires an examination and prediction of the likely outcome of a possible trial. "The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, e.g., valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." "This standard of proof is 'somewhat lower' than the common 'preponderance of the evidence' standard." "[E]stablishing a valid ineffective assistance of counsel claim where the defendant pled guilty imposes a 'substantial burden.'"

[¶ 10] Here, the district court determined Everett failed to establish ineffective assistance of counsel under both prongs of *Strickland:*

Everett has failed to show that his counsel's actions were unprofessional and fell outside the wide range of reasonable professional conduct or how the result of his proceeding would have been different. As stated above, and contrary to the allegations in his petition, Everett testified that both the Judge and his attorney explained the maximum sentence he could receive and that he could receive a longer sentence than the one his attorney was requesting. Everett testified [his counsel] told him he was "shooting for" an all but time served suspended sentence. Everett understood that there was no plea agreement and that he could be sentence[d] up to the maximum sentence permitted by law. Everett presented no testimony or evidence to establish the range of reasonable professional conduct or that his attorney's conduct fell outside that range.

Everett also failed to carry his burden of showing the probability of a different outcome and therefore has not satisfied the prejudice prong of the *Strickland* test. Everett must establish a reasonable probability that but for his counsel's errors the outcome would have been different.

[¶ 11] Everett's argument cites selected statements at the change of plea hearing out of context. The entire colloquy at that hearing reflects Everett's claimed surprise, confusion, and shock involved his inability to recall the underlying circumstances of the charged assault because of his level of intoxication. The sentencing court unequivocally informed Everett that the guilty plea was not for a lesser charge and that his sentence upon a guilty plea may include incarceration. Although Everett claims his trial counsel did not properly consult with him before he pled guilty, the post-conviction court specifically referred to testimony indicating counsel met with Everett in person at the detention

center on three occasions, and also had additional telephone contacts. The post-conviction court specifically found both the sentencing court and Everett's counsel informed Everett about the maximum sentence he could receive and that he could receive a longer sentence than his counsel requested. On the record of the colloquy at the change of plea hearing, we decline to second guess trial counsel for not then seeking a recess to provide further explanation to Everett. Everett presented no evidence to establish how his counsel's representation fell outside the range of reasonable professional conduct. The post-conviction court's factual findings about Everett's understanding that he could be sentenced to incarceration and counsel's representation are supported by evidence presented at the evidentiary hearing. We are not left with a definite and firm conviction a mistake was made, and we conclude the court's findings of fact are not clearly erroneous.

[¶ 12] On the record presented to the district court, we conclude the court did not err in determining Everett failed to overcome his heavy burden of establishing his trial counsel's representation fell below an objective standard of reasonableness, or a reasonable probability that but for counsel's claimed errors, the outcome would have been different. We therefore conclude the court did not err in rejecting Everett's post-conviction claim for ineffective assistance of counsel.

## IV

[¶ 13] Everett argues the district court erred in denying his application for post-conviction relief because withdrawal of the plea was necessary to correct a manifest injustice and his guilty plea was not entered knowingly, intelligently, and voluntarily and in compliance with N.D.R.Crim.P. 11.

[¶ 14] "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d)." *Mackey v. State*, 2012 ND 159, ¶ 11, 819 N.W.2d 539 (quoting *Eaton v. State*, 2011 ND 35, ¶ 5, 793 N.W.2d 790). In *Mackey*, at ¶ 11 (quoting *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595), we explained:

> When a court has accepted a plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. The decision whether a manifest injustice exists ... lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion.

A manifest injustice includes procedural errors by a sentencing court. *State v. Gunwall*, 522 N.W.2d 183, 185 (N.D.1994).

[¶ 15] Everett claims the district court erred in denying his application for post-conviction relief because the sentencing court failed to comply with the advice requirements of N.D.R.Crim.P. 11(b)(1) at the change of plea hearing. The State argues Everett failed to raise the alleged violations of the advice requirements in the post-conviction proceeding.

[¶ 16] Everett's self-represented application for post-conviction relief did not explicitly raise a claim about compliance with the advice requirements of N.D.R.Crim.P. 11(b)(1) and he offered no evidence and made no specific argument about the claimed lack of compliance with those requirements during the post-conviction hearing. Rather, his argument at that hearing involved his surprise, confusion, and shock at the change of plea hearing. A post-conviction applicant's failure to raise an issue in the district court precludes the applicant from raising the issue

for the first time on appeal. *E.g., Moe v. State,* 2015 ND 93, ¶ 14, 862 N.W.2d 510; *Waslaski v. State,* 2013 ND 56, ¶ 13, 828 N.W.2d 787; *Bay v. State,* 2003 ND 183, ¶ 14, 672 N.W.2d 270; *Owens v. State,* 1998 ND 106, ¶ 50, 578 N.W.2d 542. We conclude Everett's failure to raise claims about compliance with the advice requirements of N.D.R.Crim.P. 11(b)(1) in the post-conviction proceeding in the district court precludes him from raising the issue for the first time on appeal.

 [¶ 17] Everett's application for post-conviction relief, however, did allege his guilty plea was not voluntary. Under N.D.R.Crim.P. 11(b)(2), a court must ensure that a guilty plea is voluntary before accepting the plea. On appeal, Everett argues withdrawal of his guilty plea was necessary to correct a manifest injustice, because his plea was not entered knowingly, intelligently, and voluntarily under the totality of the circumstances.

[¶ 18] In concluding withdrawal of Everett's guilty plea was not necessary to correct a manifest injustice, the district court found:

> The facts do not support Everett's manifest injustice argument. Everett testified that that both the Judge and his attorney explained the maximum sentence he could receive and that he could receive a longer sentence than the one his attorney was requesting. Everett testified that [counsel] told him he was "shooting for" an all-but-time-served suspended sentence. The record indicates that Everett was aware that the recommendation by his attorney might not be accepted by the Court and that he could receive a sentence up to the maximum permitted by law.
>
> Furthermore, a review of the transcript of the change of plea hearing (which was not submitted by Everett in support of his motion), indicates that the

Court substantially complied with the requirements of Rules 11 and 32. Everett was informed of the charges and maximum and minimum penalties, stated that he had conferred with counsel and was satisfied with the representation he received, assured the court that his plea was voluntary, and was given an opportunity to address the court.

[¶ 19] An applicant for post-conviction relief has the burden of establishing grounds for relief. *E.g., Flanagan,* 2006 ND 76, ¶ 10, 712 N.W.2d 602; *Abdi,* 2000 ND 64, ¶ 8, 608 N.W.2d 292. Everett's primary argument about manifest injustice relies on out-of-context statements by him at the change of plea hearing which he claimed supported his ineffective assistance of counsel claim. Everett's "surprise" statement was dealt with by the sentencing court and the context of that statement reflects Everett ostensibly said he was surprised about what he had allegedly done because of his level of intoxication. The sentencing court also considered what Everett now characterizes as his "non-committal responses" and addressed claims about Everett's satisfaction with his trial counsel. The sentencing court also was informed that Everett did not remember the events of the charged offense because of his level of intoxication, and the court's colloquy with him indicates he was told his guilty plea may subject him to incarceration.

[¶ 20] The post-conviction court reviewed the record from the change of plea hearing and determined there was substantial compliance with N.D.R.Crim.P. 11, Everett's plea was voluntary, and withdrawal of the guilty plea was not necessary to correct a manifest injustice. On the record presented to the district court in this post-conviction proceeding, we conclude the court did not abuse its discretion in determining Everett failed to establish

withdrawal of his guilty plea was necessary to correct a manifest injustice.

## V

[¶ 21] We affirm the order denying Everett's application for post-conviction relief.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.