2017 ND 94

**Dylan Jay SAARI, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

No. 20160263

Supreme Court of North Dakota.

Filed 4/25/2017

Samuel A. Gereszek, 308 DeMers Avenue, P.O. Box 4, East Grand Forks, MN 56721-0004, for petitioner and appellant.

Kari M. Agotness, Ramsey County State's Attorney, 524 Fourth Avenue N.E., Unit 16, Devils Lake, ND 58301, for respondent and appellee; submitted on brief.

Kapsner, Justice.

[¶ 1] Dylan Saari appeals from a district court's order denying Saari's application for post-conviction relief. Saari argues the district court erred by denying his application for post-conviction relief. We affirm the order, concluding the district court properly denied Saari's application for post-conviction relief.

I

[¶ 2] On October 24, 2014, Saari was charged with the crime of accomplice to forgery in violation of N.D.C.C. § 12.1–03–01, a class C felony. The charge came after an investigation into his girlfriend's attempt to post bond for him while Saari was detained on a probation revocation. While Saari was detained in October 2014, he made several telephone calls to his girlfriend. During these recorded calls, Saari and his girlfriend discussed how she could obtain money to use to post bond. Saari's girlfriend ultimately passed a forged check belonging to her stepfather while on the phone with Saari. The funds were seized by police when Saari's girlfriend attempted to post bond. Saari pleaded guilty to the crime of accomplice to forgery in violation of N.D.C.C. § 12.1–03–01 and was sentenced to five years of incarceration to run concurrently with his sentences in other cases.

[¶ 3] In April 2015, Saari applied for post-conviction relief claiming he received ineffective assistance of counsel. Saari argued his counsel was ineffective for advising him to plead guilty because his conduct did not constitute accomplice liability under N.D.C.C. § 12.1–03–01. Saari argued his conduct instead constituted criminal facilitation under N.D.C.C. § 12.1–06–02. The district court held a hearing on the application. Saari, his trial attorney, and an investigating officer testified at the hearing. At the hearing, Saari argued he did not have the requisite intent for the criminal accomplice conviction. The State argued the recorded telephone calls showed Saari had aided his girlfriend with committing forgery with the intent the crime be committed. Saari argued his trial counsel was ineffective because the attorney did not provide Saari with all pertinent discovery material before entry of a guilty plea. Saari also argued his counsel was ineffective because of failure to obtain a three-year concurrent sentence.

[¶ 4] The district court denied the application for post-conviction relief. The district court indicated phone call transcripts supported a conviction for accomplice to forgery and found Saari did not overcome the presumption that his counsel's representation fell within the wide range of reasonable, professional assistance. Saari appealed.

II

[¶ 5] On appeal, Saari argues his conduct does not support a conviction for accomplice to forgery. Saari argues his

conduct only supports a conviction for criminal facilitation, a class A misdemeanor, which makes his sentence unauthorized by law. Saari argues the district court abused its discretion by finding he acted with intent required under N.D.C.C. § 12.1–03–01. Saari also argues the district court's determination Saari's counsel was effective was an abuse of discretion.

[¶ 6] "Proceedings on applications for post-conviction relief are civil in nature and governed by the North Dakota Rules of Civil Procedure." Everett v. State, 2015 ND 149, ¶ 5, 864 N.W.2d 450. This Court does not review a district court's decision on an application for post-conviction relief for abuse of discretion. We review a district court's decision in a post-conviction proceeding as follows:

A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

Broadwell v. State, 2014 ND 6, ¶ 5, 841 N.W.2d 750 (citations and internal quotations omitted).

[¶ 7] Saari argues the district court erroneously concluded Saari acted with the intent required for a conviction for criminal accomplice. Under N.D.C.C. § 12.1–03–01(1)(b), a person may be convicted of an offense based upon the conduct of another person when: "With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make

proper effort to do so[.]" Under N.D.C.C. § 12.1–06–02(1), "A person is guilty of criminal facilitation if he knowingly provides substantial assistance to a person intending to commit a felony and that person, in fact, commits the crime contemplated, or a like or related felony, employing the assistance so provided." The question is whether Saari "aided another with intent that the other commit an offense (accomplice liability)" or "only aided another with knowledge that the other intended to commit an offense (facilitation)." State v. Langan, 410 N.W.2d 149, 152 (N.D. 1987).

[¶ 8] This Court previously had occasion to compare the statutes for the crimes of facilitation and accomplice. In State v. Ballard, 328 N.W.2d 251, 252 (N.D. 1982), the appellant argued the accomplice and facilitation statutes were too similar or too vague to provide for separate offenses. In comparing the two, this Court stated:

While the facilitation and accomplice statutes both use words having the same meaning, such as "assistance" and "aids," the main difference lies in the context in which they are used. The accomplice statute makes it a crime for any person "with intent that an offense be committed, ... commands, induces, procures, or aids the other to commit it" whereas the facilitation statute makes it a crime if a person knowingly provides substantial assistance to a person intending to commit a felony, and that person in fact commits the crime contemplated. A major distinction exists between the two statutes. Under the accomplice statute, the giving of aid with intent that the offense be committed is the key element, whereas under the facilitation statute knowingly providing assistance without intent to commit an offense to a person who intends to commit

a felony and actually commits the crime contemplated, is the key element and difference.

Id. at 252–53 (emphasis in original). The distinction between the two statutes is the intent element. Saari contends he did not give aid with the intent the crime be committed, but instead only provided aid without intent the crime actually be committed. "As to intent, common sense tells us that it may be determined only from the outward manifestation, words or acts of the person concerned." Id. at 253.

[¶ 9] The district court considered the testimony of the witnesses as well as the transcript of Saari's calls to his girlfriend. The order contained a verbatim transcript of Saari's conversations with his girlfriend. The district court compared the differences between the accomplice and facilitation statutes and found Saari acted with the intent required under N.D.C.C. § 12.1–03–01. The court stated:

> If ever there was a case of coercion by an inmate, this is it. Defendant talked his naive 18–year–old girlfriend into the forgery on his behalf. He gave aid with intent that the offense be committed or would be committed. The conversations over the telephone establish intent by the petitioner.

[¶ 10] At the post-conviction hearing, Saari argued the transcript contained a statement that showed he did not act with intent the forgery be committed. Saari pointed to the statement, "If you don't want to do it, don't do it." However, the transcript also contained the following statements where Saari was advising his girlfriend to forge one large check rather than multiple smaller attempts to get cash:

[Saari]: Do one thing—one blank. You know what I mean?

[Saari's girlfriend]: Do one?

[Saari]: Just do one. I swear it. Do you—do you—you're an artist. You know what I mean? You know, that signature, you're an artist and you can do it. Trust me. I just—that's what everyone was telling me.

[Saari's girlfriend]: Oh and they said just do one?

[Saari]: Yeah. And they don't—

[Saari's girlfriend]: Why?

[Saari]: Just trust me. Just trust me.

[Saari's girlfriend]: And it'll work like—

[Saari]: Yeah, I hope.

According to the call transcript, after Saari's girlfriend asked if she could take a nap, Saari disapproved and stated, "Go do it now." Saari later reassured his girlfriend and gave suggestions for what to tell the bank teller about the check. Additionally, the transcript shows Saari spoke to his girlfriend as she passed the forged check at the bank. After a discussion about which teller was working at the bank, Saari stated: "Dude, tell her to make it work. Holy shit. Tell her I'm in jail and I'm going to prison." Saari also advised his girlfriend not to act scared at the bank.

[¶ 11] "A defendant's conduct may be considered as circumstantial evidence of the required criminal intent." State v. Sabo, 2007 ND 193, ¶ 20, 742 N.W.2d 812. A finding of fact is clearly erroneous only "if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made." Broadwell, 2014 ND 6, ¶ 5, 841 N.W.2d 750. Based upon a review of the record, the district court's finding that Saari gave aid with intent the forgery be committed, is not clearly erroneous.

### III

[¶ 12] Saari argues he was denied his constitutional right to effective

assistance of counsel. Saari contends his counsel improperly advised him to plead guilty before receiving all of the discovery for his case. Saari also argues his counsel was ineffective because he failed to receive a three-year concurrent sentence. "The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court." Pfeffer v. State, 2016 ND 248, ¶ 6, 888 N.W.2d 743. "The Sixth Amendment of the United States Constitution, applied through the Fourteenth Amendment to the States, and Article I, Section 12, of the North Dakota Constitution guarantee criminal defendants effective assistance of counsel." Everett, 2015 ND 149, ¶ 7, 864 N.W.2d 450. To prevail on a post-conviction claim for ineffective assistance of counsel, the applicant must show "(1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (citing Strickland v. Washington, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

[¶ 13] Under the Strickland test, the first prong is measured "considering the prevailing professional norms," and the petitioner must overcome the "strong presumption that counsel's representation fell within the wide range of reasonable professional assistance[.]" Sambursky v. State, 2006 ND 223, ¶ 13, 723 N.W.2d 524. The second prong requires the petitioner to show his attorney's deficient performance prejudiced him. Id. In Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court held the Strickland test applies to challenge guilty pleas based on ineffective assistance of counsel. In the context of a guilty plea, the second prong of the Strickland test requires a petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. 366.

[¶ 14] The district court denied Saari post-conviction relief on the basis of the first prong of the Strickland test. The district court found Saari's counsel met with Saari at the jail where they discussed the discovery materials received from the State. The district court stated these materials included "a detailed 8-page narrative report of Detective Schwab and a 6-page narrative report of Deputy Don Meyer of the defendant's girlfriend's interview." The district court noted Saari disputed the discussion occurred. The district court also found Saari's counsel indicated although the transcripts of the calls were received after Saari pleaded guilty, "his [counsel's] experience with Detective Schwab reflected that her narrative reports were accurate and reliable as to what subsequent discovery material would indicate." The district court found, "in this case, the telephone recordings and reports were reliable." The State introduced Detective Schwab's narrative report at the post-conviction hearing. The report contains a chronological account of the phone conversations that were eventually transcribed and quotes multiple statements made by Saari. We conclude the district court's findings are supported by the evidence in the record and are not clearly erroneous.

[¶ 15] As for the sentence Saari received, the district court noted Saari "testified that he knew there was no agreement understanding but most likely the sentences would run concurrent, which was the result, only the second sentence in this case ended up two years longer." The district court indicated the State had argued for a sentence of five years of incarceration, and Saari's counsel argued for three

years concurrent to the sentence from an earlier revocation proceeding. The district court noted Saari's counsel had also negotiated the dismissal of a separate charge. While the district court noted the sentence was "unexpected" from Saari's perspective, Saari's sentence came after entry of an open plea. We conclude Saari has not overcome the "strong presumption that counsel's representation fell within the wide range of reasonable professional assistance[.]" Sambursky, 2006 ND 223, ¶ 13, 723 N.W.2d 524. Because Saari failed to meet his burden of proving his attorney's representation fell below an objective standard of reasonableness, it is unnecessary to analyze the second prong of the Strickland test in this case. Wong v. State, 2011 ND 201, ¶ 19, 804 N.W.2d 382.

IV

[¶ 16] We affirm the order denying Saari's application for post-conviction relief.

[¶ 17] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.