IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2019 ND 291

Rocky Lynn Stein,                                    Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

No. 20190114

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Russell J. Myhre, Enderlin, ND, for petitioner and appellant; submitted on brief.

Jessica J. Binder, State's Attorney, Stanton, ND, for respondent and appellee; submitted on brief.

**Stein v. State**

**No. 20190114**

**Crothers, Justice.**

[¶1]   Rocky L. Stein appeals from a district court order denying his application for post-conviction relief. We affirm.

I

[¶2]   Stein was charged with criminal vehicular homicide, a class A felony, and pled guilty to manslaughter, a class B felony. Stein entered an "open plea" and the judge sentenced Stein to ten years with the North Dakota Department of Corrections with three years suspended, and supervised probation for five years.

[¶3]   In his application for post-conviction relief Stein claims ineffective assistance of counsel. The district court denied the application. Stein appealed, and on December 6, 2018, this Court affirmed the summary dismissal in part, reversed in part, and remanded for further proceedings. *Stein v. State*, 2018 ND 264, 920 N.W.2d 477. This Court held Stein was entitled to an evidentiary hearing regarding allegations he was not informed he would be required to serve at least 85 percent of any period of incarceration, and his counsel told him he would likely receive only probation. *Id*. at ¶ 15. On remand, an evidentiary hearing was held and the district court denied Stein's application. Stein appeals.

[¶4]   Stein argues the district court abused its discretion in denying his application for post-conviction relief. Stein argues his trial attorney did not adequately inform him he was subject to a mandatory minimum sentence

1

requiring him to serve 85 percent of the sentence imposed and that his trial attorney made assertions in the nature of a guarantee that he would serve a probation only sentence. Stein also urges this Court to overrule *Sambursky v. State,* 2008 ND 133, 751 N.W.2d 247*,* and *State v. Peterson*, 2019 ND 140, 927 N.W.2d 74, to the extent necessary, which he claims is essential to ensure defendants are afforded sufficient information regarding the 85 percent rule to make an intelligent decision affecting the ultimate sentence in their criminal case.

## II

[¶5] Both parties state the standard of review is abuse of discretion. However, our standard of review for factual findings is clearly erroneous.

> "'Proceedings on applications for post-conviction relief are civil in nature and governed by the North Dakota Rules of Civil Procedure.' *Everett v. State*, 2015 ND 149, ¶ 5, 864 N.W.2d 450. This Court does not review a district court's decision on an application for post-conviction relief for abuse of discretion. We review a district court's decision in a post-conviction proceeding as follows:
>> 'A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.'"

*Saari v. State*, 2017 ND 94, ¶ 6, 893 N.W.2d 764 (citing *Broadwell v. State*, 2014 ND 6, ¶ 5, 841 N.W.2d 750 (internal citations and quotation marks omitted)).

2

[¶6] Stein argues the district court wrongly determined Stein's trial counsel sufficiently advised him of the 85 percent rule.

[¶7] The framework for evaluating ineffective assistance of counsel claims is well established:

> "[T]o prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) 'show that counsel's representation fell below an objective standard of reasonableness' and (2) 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Lindsey v. State*, 2014 ND 174, ¶ 19, 852 N.W.2d 383 (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "The first prong is measured using 'prevailing professional norms,' and is satisfied if [the defendant] proves counsel's conduct consisted of errors serious enough to result in denial of the counsel guaranteed by the Sixth Amendment." *Id.* (internal citations omitted); *See Strickland,* 466 U.S. at 687.

[¶8] "The second prong of the *Strickland* test is satisfied in the context of a guilty plea if the defendant shows 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lindsey*, at ¶ 19 (citing *Ernst v. State,* 2004 ND 152, ¶ 10, 683 N.W.2d 891). The second prong is seldom satisfied by an applicant's subjective, self-serving statement that, with competent advice, he would have insisted on going to trial. *Booth v. State*, 2017 ND 97, ¶ 9, 893 N.W.2d 186 (citing 3 Wayne LaFave, et al., *Criminal Procedure* § 11.10(d) (3rd ed. 2007)).

[¶9] Here, the district court found Stein failed to meet the first prong of the *Strickland* test because trial counsel and Stein had a conversation about

3

the 85 percent rule, and Stein testified he could assume what the 85 percent rule meant. The district court also determined that even if the first prong was met, Stein failed to show sufficient prejudice under prong two of *Strickland* because he could not show "but for" counsel's alleged errors he would not have pled guilty and insisted on going to trial.

[¶10] "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Booth v. State*, 2017 ND 97, ¶ 8, 893 N.W.2d 186 (citing *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Booth*, 893 N.W.2d at ¶ 8 (citing *Garcia v. State*, 2004 ND 81, ¶ 5, 678 N.W.2d 568 (quoting *Strickland*, 466 U.S. at 697)).

[¶11] Stein argues had he been properly advised, he would have pled to the class A felony instead of the class B felony. The State argues Stein has been unclear as to what he would have done differently. The district court found that even at the evidentiary hearing Stein was uncertain as to what he would have done differently had he been informed of the 85 percent rule.

[¶12] The record supports the district court finding Stein failed to meet the second *Strickland* prong. Throughout the hearing Stein was unclear what he would do differently if he was informed of the 85 percent rule:

> "I've changed my view since then where if I was to go through
> it again, it would be a lot different situation how I'd handle it.
> . . . .
> I mean, it's hard to say exactly what I would have chosen at
> that point in time.

4

Q. Would you have pled guilty knowing the State was asking for seven years on a non-parolable offense?
A. No.
Q. Would you have—what would you have done differently?
A. At this point in time, it would probably have been the exact same thing with just being able to see parole after three years."

When asked on cross-examination, "but you are saying, it's hard to know what I would have done. Is that a fair statement?" Stein responded, "Yeah, in looking back, but it is a fair statement."

[¶13] Stein argues he would have pled guilty to the class A felony, but contradicted himself in the same statement. On cross-examination Stein was asked:

"Q. So I'm just wanting to clarify, you would have done the same thing with the A felony—
A. Well, I—
Q. —because you mentioned the three years?
A. Yeah. I would have—I would have chosen or I would have tried to get a somewhat similar sentence like that."

[¶14] The record supports the district court finding that Stein failed to show "but for" counsel's alleged errors he would not have pled guilty and insisted on going to trial. Stein's testimony demonstrates uncertainty what he would have done if counsel would have advised him differently. Further, Stein did not establish he would not have plead guilty and insist on going to trial. Therefore, the district court was not clearly erroneous in finding Stein failed to meet the second prong of the *Strickland* test.

# III

[¶15] Stein argues the district court wrongly determined counsel sufficiently informed him about the length of his sentence. The State argues counsel did not actively misinform Stein about the length of his sentence and his claim was properly denied by the trial court. The district court found Stein was not actively misinformed on the length of his sentence. The district court finding that Stein was not actively misinformed about the length of his sentence was not clearly erroneous.

[¶16] This Court stated in *Sambursky v. State*, that providing misinformation is not the same as failing to provide information at all. 2006 ND 223, ¶ 19, 723 N.W2d 524. The case was remanded for an evidentiary hearing because Sambursky raised genuine issues of material fact on his ineffective assistance of counsel claim. *Id.* at ¶ 20. The district court denied Sambursky's application for post-conviction relief and concluded trial counsel had not actively misinformed him about the length of time he would serve. *Samburksy v. State*, 2008 ND 133, ¶ 5, 751 N.W.2d 247. The district court found Sambursky did not meet his burden regarding the first *Strickland* prong. *Id.* This Court affirmed. *Id.* at ¶ 25.

[¶17] Here, after applying both *Strickland* prongs, the district court found counsel did not actively misinform Stein about the length of his sentence. The record supports the district court finding. Stein testified when he pled guilty to manslaughter he did not know the State's sentencing recommendation, but understood that he "stood a chance to get anything from zero to ten." Because Stein understood the sentence range, the district court was not clearly erroneous in finding Stein failed to meet the first *Strickland* prong. Implicit in this ruling is that we decline Stein's invitation

6

to overrule *Sambursky* and *Peterson* so that we might reach a different result.

[¶18] We have considered the remaining issues and arguments raised by the parties and find them to be unnecessary to our decision or without merit.

IV

[¶19] The district court was not clearly erroneous in finding Stein did not meet the second *Strickland* prong because Stein was unclear as to what he would have done differently had he known he would be required to serve 85 percent of his sentence. Further, the district court was not clearly erroneous in finding Stein was not actively misinformed about the length of his sentence and therefore failed to meet the first *Strickland* prong. We affirm the district court order denying Stein's application for post-conviction relief.

[¶20] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

7